THE MARINE INSURANCE COMPANY OF
ALEXANDRIA
v.
HODGSON.

*Present....All the Judges except Todd, J.*

Upon an action on a valued policy, if a misrepresentation of the age & tonnage of the vessel, whereby the underwriters were induced to agree to a high valuation, be a defence, it is at law and not in equity.

THIS was an appeal from the decree of the Circuit Court for the district of Columbia, sitting at Alexandria, in a suit in equity, brought by the Marine Insurance Company of Alexandria against Hodgson, to enjoin so much of a judgment at law obtained by the latter against the former, as exceeded the value of the brig Hope as found by the jury in a special verdict upon a valued policy.

It was contended in the bill that the age and tonnage of the vessel was misrepresented, and that such misrepresentation induced the Complainants to value the ship at 10,000 dollars, when in fact she was worth only 3,300 dollars, as specially found by the jury on the trial at law. She was represented to be about 250 tons burthen, when she was only 161 tons, and to be from six to seven years old when she was between nine and ten years old.

The bill also alleged as a ground for relief, the refusal of the Court below to receive two pleas offered by the Complainants on the trial at law, the rejection of which pleas had been assigned for error in this Court when the cause was here last; *(see Ante. vol. 6. p. 206)* but this Court thought the rejection of a plea no ground for a writ of error, and therefore gave no opinion as to the propriety of admitting them.

The first of those pleas stated the above misrepresentation as to the age, tonnage and value of the vessel, and averred it to be material in regard to the risk of the voyage. The other plea stated in general terms that the policy was obtained by fraud with intent to defraud the Complainants of the difference between the true and the represented value of the vessel, which difference it averred to be more than 4,000 dollars.

Upon the answer of Hodgson and the other evidence in the cause the Court below dissolved the injunction and dismissed the bill.

E. I. LEE, *for the Appellants*, relied principally upon the evidence of the over-valuation, which he said was so excessive as to amount to proof of fraud. But even if it were only a mutual mistake it is sufficient to avoid the policy. *Park.* 12, 196, 225. *Miller*, 39, 43, 97.

As to the equity of the case, he contended that the pleas rejected by the Court of law, and which charge fraud, being made part of this bill, are to be considered as a charge of fraud, which is a ground of equitable jurisdiction. The rejection of the pleas, is of itself a ground for a Court of equity to relieve, for the Complainants have not yet had an opportunity to show the fraud.

A Court of equity will relieve against mistakes upon which contracts are founded.

All that the Defendant is entitled to upon a policy is *indemnity*. He ought in equity to recover only the value and interest.

To show that equity will relieve against error at law, he cited 2 *Wash.* 36, *Ambler v. Wyld. Prec. in ch.* 233, *Kent v. Bridgman.* 2 *Vern.* 146, *Graham v. Stamper. id. Robertson v. Bell. Finch,* 472. 2 *Str.* 733, *Burrow v. Jemino.* 2 *P. Wms.* 425. 1 *Vez. Jr.* 417. 2 *Vez.* 155. 5 *Cranch,* 110, *Hodgson v. Marine In. Co.*

SWANN *and* JONES, *contra.*

The bill contains no charge of fraud. Straas and Leeds, who were the persons insured, are not made

*Margin:* MARINE INS. CO. *v.* HODGSON.

MARINE INS. CO. *v.* HODGSON. parties. The pleas which are referred to in the bill are not to be considered as containing an allegation of fraud which is to be answered. It is not a bill for the discovery of any fact which the Complainants could not have proved at law. The object is to get rid of the over-valuation. It is to try the case over again. The answer shows that there could be no fraud; for the insurred lost a cargo, worth 7,000 dollars, which was not insured.

The bill contains no equity. Their remedy was at law. In cases of insurance there is the same remedy at law as in equity.

But there was no misrepresentation. It was only the opinion of Maxwell, that the vessel was *about* 6 or 7 years old, and about 250 tons burthen. A representation must be the positive affirmation of some material fact. There was no representation as to value—Hodgson only *proposed* that the vessel should be valued at 10,000 dollars: he never affirmed that she was of that value.

On the question of jurisdiction, and to show that the alleged defence, if it were a defence at all, was a defence at law, they cited 2 *Marshall*, 679. The Court did right in rejecting the pleas because they were complex, and offered after the law had been decided against the Complainants. 2 *Burr*, 717.

A valued policy is conclusive unless it be a cover to a gaming contract, or be made with a view to a fraudulent loss. 2 *Vern.* 119, *Woodward v. Guile.* 3 *Bl. Com.* 435. 1 *Marsh.* 123, 287. 4 *Burr*, 2228, *Low v. Peers. Finch*, 119. *E. I. Comp. v. Blake. Prec. in ch.* 102. 6 *Br. Parl. ca.* 447, 470. 1 *Fonb.* 167. Misrepresentation as to the age and tonnage was not material to the risk: it was guarded against by the implied warranty of sea-worthiness. No previous representation as to sea-worthiness is necessary. 1 *Marsh.* 475.

C. LEE, *in reply.*

The real value of the vessel is conclusively fixed by the verdict of the jury. But if it were not, there is evi-

dence enough to show that she was not worth one half the sum insured. The value thus fixed has shown the amount which will be an indemnity to the Defendant.

By the refusal of the Court to receive the pleas, tne Complainants were precluded from a just defence. This Court has decided the refusal to be no ground for a writ of error at law. But we contend it is a ground for relief in equity. It is also a sufficient ground of relief that the rule of indemnity has been violated.

The valuation in the policy is only *prima facie* evidence, and throws the burthen of proof on the underwriter. It shall be taken to be so fixed as to be an indemnity. An over-valuation is of itself evidence of fraud. If it is intended to be an interest policy, it amounts only to a contract for indemnity. *Cowper, 583. Kent v. Bird.*

Even if the Defendant was mistaken, and both parties were equally ignorant, yet the Complainants are not liable for more than an indemnity. *M'Ferran v. Taylor, 3 Cranch, 270.*

There is no difference in principle between insuring double the value at one office, and making double insurance at two offices. The reason against both is the same, viz. that the insured shall have only one indemnity.

The law of liquidated damages does not apply,

The Defendant might have had a return of part of the premium upon proving the mistake of the value.

*Feb. 18th....( absent DUVALL, J. )*

MARSHALL, *Ch. J.* delivered the opinion of the Court as follows :

This suit was brought in the Circuit Court sitting in chancery for the purpose of obtaining a perpetual injunction to a judgment rendered against the Plaintiffs in favor of the Defendant, on a policy of insurance effected by him as agent for G. F. Straas and others; of

Richmond, on the brig called the Hope. The allegations of the bill are entirely unsupported by testimony, except those which relate to the value of the vessel insured. The Hope was valued in the policy at $10,000, and $8,000 were insured upon her. She is stated to have been in fact worth less than $4,000.

The underwriters contend that they were in the practice of refusing to ensure on any vessel more than four fifths of her value, and that they were led to make this insurance by a misrepresentation respecting the value of the Hope. They therefore pray to be relieved from so much of the verdict and judgment rendered thereon as exceeds that value.

On the part of the Defendants it is contended that the Plaintiffs have not made out a case which entitles them to the aid of a Court of equity.

Without attempting to draw any precise line to which Courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a Court of law; or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will justify an application to a Court of Chancery.

On the other hand it may with equal safety be laid down as a general rule that a defence cannot be set up in equity which has been fully and fairly tried at law, although it may be the opinion of that Court that the defence ought to have been sustained at law.

In the case under consideration the Plaintiffs ask the aid of this Court to relieve them from a judgment, on account of a defence which, if good any where, was good at law, and which they were not prevented, by the act of the Defendants, or by any pure and unmixed accident, from making at law.

It will not be said that a Court of Chancery cannot interpose in any such case. Being capable of imposing

its own terms on the party to whom it grants relief, there may be cases in which its relief ought to be extended to a person who might have defended, but has omitted to defend himself at law. Such cases, however, do not frequently occur. The equity of the applicant must be free from doubt. The judgment must be one of which it would be against conscience for the person who has obtained it to avail himself.

The Court is of opinion that this is not such a case.

William Hodgson, as agent for the insured, applied for insurance on the brig Hope on a voyage from St. Domingo to her port of discharge in the Chesapeake, and laid before the board the following certificate:

"This may certify, that I was master of the schooner Sophia of this place, and Alexander Burot supercargo: that while we were at the city of St. Domingo in July last, Mr. Burot purchased the brig Hope, of Boston, and I was called on with a carpenter to examine her, and found her to be a stout well built vessel of about 250 tons, in good order, and well found with sails, rigging, &c., was built in the state of Massachusetts, and is from 6 to 7 years old. I left the city of St. Domingo on the 27th of July, and Mr. Burot expected to sail from there about the 15th or 20th of August up the coast to take in mahogony."

JAMES MAXWELL.

*Septr. 24th, 1799.*"

Upon view of this certificate the vessel was valued at $10,000, and the insurance made at $8,000. On the voyage the vessel was captured.

In fact the Hope was of 160 tons burthen, and was from eight to nine years old. There is reason to believe that she was not worth more than $3,000.

It does not appear that the loss was fraudulent or that the cargo was insured.

The Plaintiffs contend, that this misrepresentation led them to value the vessel much higher, and to ensure a

VOL. VII.                44

MARINE
INS. CO.
*v.*
HODGSON.

much larger sum on her than they would have done had a true description been given of her size and age.

To support this allegation they state their practice never to insure on any vessel more than four fifths of her real value, and their rule, which was known to Hodgson, (he being himself one of the directors) to require that every order for insurance should be in writing, and should contain, among other things, "as full a description of the vessel and voyage as can be given."

The answer asserts that when the certificate was laid before the board of directors, Hodgson was asked if he would vouch for its truth, which he refused to do, whereupon the board agreed to value the vessel at $10,000, and to make the insurance required. He himself believed the certificate to be accurate, and is persuaded that the insured entertained the same opinion. He does not think that the tonnage of the vessel weighed much with the parties. It is not mentioned in the policy.

Straas and Leeds, whose agent Hodgson was, and for whom the insurance was made, are not parties to the bill.

No fraud is proved on them other than what is to be inferred from the error in the certificate given by Maxwell, nor ought their conduct to be decided on, or their interests affected in a suit to which they are not parties, although they might have been made Defendants.

The Court will not undertake to say what influence this certificate might have had, or ought to have had, at law. But since the Plaintiffs were not prevented from using it at law by the act of the Defendants or by any positive rule which disabled them from doing so, they have not made out a case of such clear equity, a case in which it would be so obviously against conscience for the Defendant to enforce the judgment at law, as to justify the interposition of a Court of Chancery.

*The judgment is to be affirmed with costs.*