Totten, J.,
delivered the opinion of the court.
The bill brought in chancery, at Dresden, charges, that on the 18th June, 1847, in the circuit court of Weakley, a judgment was rendered in favor of said Bank against complainant, and Geo. S. Elliott and John M. Welsh for $559 08; that execution was issued on said judgment and levied upon complainant’s property; that he was not summoned to appear in said suit at law; that no process was executed upon him in that behalf, and that the first notice or intimation he had of said suit and judgment therein was the levy of said execution upon his property. The bill further states, that upon examination of the record of said circuit court, a writ appears to have issued and to be returned, executed on the defendants named therein, and the declaration sets forth a bill of exchange in which complainant is drawer and the other defendants are endorsers. But the bill avers, that complainant was not summoned to appear, and in fact did not appear, and that he did not by himself or agent, authorize any attorney to enter his appearance or make defence for him, and that he had no intimation of the pendency of said proceedings. It is further charged, that said Elliott has settled and discharged said judgment with the Bank, and that the Bank permits him to use *524 the judgment to enforce the collection from complainant. The prayer is for an injunction, &c.
The defendant demurred and the demurrer being disallowed, the case is before us on appeal.
In the first place, it is very evident that if the party was not summoned, and did not appear in the suit at law, the court had no jurisdiction of his person, and its judgment against him, would be, for that reason, merely void. This principle is founded in natural justice and is of universal application. Borden vs. Fitch, 15 J. R., 140; Bigelow vs. Steams, 19 J. R., 40; Buchanan vs. Rucker, 9 East, 192. A judgment thus obtained, without notice or defence, and without a day in court to make defence, is an injury to the rights of the party for which he should not be without remedy. Now, has he any remedy at law ?
The audita querela, or any remedial action of the court by supersedeas and motion, adopted by analogy to and as a substitute for this common law remedy, is inapplicable to the case. For that remedy, admitting the validity of the judgment, gives relief upon some matter of discharge which has happened since the judgment, as a release or a payment. But here, the remedy to which the party is entitled impeaches the judgment itself and seeks to have it annulled. 3 Bl. Com. 406; Marsh vs. Haywood, 6 Hum. R., 212. Nor will the writ of error furnish any remedy, because, on the face of the record there is no error. Nor will the writ of error, coram nobis, apply, because, at law, no averment can be made in the same action against the sheriff’s return. If his return be false, the remedy is by action on the case for a false return, in which, the return itself being directly in issue with the officer who made it, its truth may be impeached. But where the issue is not wfith the sheriff, but with another, such person may rely upon the return as a part of the record in the cause, against which no parol averment can be made. Such is the *525 rale at the common law, and to which there arc very few exceptions. Watson on Sheriff, 72; Sewell’s Law of Sheriff, 387; McBee vs. The State, Meigs R., 122. Now, the averment is, that the return, stating that the writ was executed on defendant, is false; but in the same actio.n, this averment is met by the rule, founded in policy and technical law, that the return itself, being matter of record and made under the sanction of official- duty, is the best evidence of the facts which it contains.
We may conclude, then, that, in the circumstances of this case, there is no remedy at law against the judgment in question. The action for a false return is an inadequate remedy for such an injury; for it might be that after a ruinous sacrifices suffered in the payment of a judgment so recovered, and the delay and expense of litigation with the officer, who made the false return, he might be unable to malee the proper indemnity, or succeed in evading his liability. The fact that there is no remedy, or no sufficient remedy at law, for this admitted injury, is a strong reason why there should be remedy in equity.
In the Marine Ins. Co., of Alexandria vs. Hodgson, 7 Cranch, 332, Ch. J. Marshall, says, “that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law; or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery.” To the same effect are the cases of Duncan vs. Lyon, 3 J. C. R., 356; Penny vs. Martin, 4 J. C. R., 588, and Kearny vs. Smith, 3 Yer. R., 132.
Now. in the present case, this principle should apply with the greater force, because the judgment in question is to be considered as void, by reason of an extrinsic fact, which can *526 not be averred or be made to appear in a court of law, and a court of law has not, therefore, any power to arrest its execution, however unjust or iniquitous. Nor is it material in such case to enquire whether the defendant could have made any valid defence, if he had been summoned. The injury of which he justly complains is, that a judgment was l’endered against him without notice and without defence. We cannot doubt but that in the view of a court of equity, it is unjust and unconseientious to attempt to enforce a judgment so obtained.
We may further observe, that if a sheriff make a false return by fraud and collusion with a party or by mere mistake, a court of equity has an unquestionable jurisdiction to interpose and give the appropriate relief. And to give effect to this remedy, the party injured should of course be permitted to aver against the truth of the return, and show it to be false, though it be matter of record.
We think, therefore, that the case made by the bill, is a proper one for equitable relief, and affirm the Chancellor’s decree disallowing the demurrer. The case will be remanded for further proceeding.