( Decided November 2nd, 1866.)

---

## CHRISTOPHER F. MILLER *vs.* ELIZABETH DUVALL ET AL.

JURISDICTION IN EQUITY: INJUNCTION.—Bill f iornjunction filed by M. to restrain D. from enforcing by execution a judgment against him, rendered by the Court of Common Pleas of Baltimore city, on appeal from a magistrate's judgment in a proceeding by M., under Art. 4, secs. 890 & 896 of the Code of Public Local Law, to oust D. as a tenant holding over,—the appellate jurisdiction in such cases being conferred on the said Court of Common Pleas by sec. 900 of

Miller *vs.* Duvall et al.

said Art. 4, to be exercised "in the manner and under the rules prescribed in cases within the ordinary jurisdiction of Justices of the Peace."—HELD:

That the appellate power in such cases being expressly vested in the Court of Common Pleas, a Court of Equity is necessarily excluded from the exercise of that power by injunction or otherwise.

APPEAL from the Circuit Court of Baltimore city.

This is an appeal from an order of the Court below (ALEXANDER, J.,) dissolving an injunction before granted and dismissing the complainant's bill. The allegations of the bill and facts of the case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Samuel.Snowden* for the appellant argued :

That where in the case of mutual demands one of the parties is insolvent, and holds a judgment against the other, the debts against the holder of the judgment shall be set off against the said judgment. *Rowzee vs. Gregg,* 6 *Littell,* (*Ky.,*) 487. *Brazetton vs Brooks,* 2 *Head,* (*Tenn.,*) 194. *Graves vs. Huel,* 27 *Miss.,* 419.

In this case it is proved that Duvall is indebted to Miller in the sum of $166.66 for four months' rent.

The judgment of $90 was a satisfaction for all damages that may have been done to her by the removal of the goods and could not therefore enter into the account. The witness, Duvall, herself proves her own pecuniary condition, and shows that she has nothing except what she may possibly get from her aunt's estate, the principal part of which consisted of negroes, which are now valueless.

*H. Stockbridge* and *Thomas J. Warrington* for the appellee argued :

1st. That no such case has been presented by the appellant, either by his bill or his proof, as will authorize the interference of a Court of Equity by injunction. The averments contained in said bill are in themselves wholly insufficient, even if maintained by competent proof, but they are not supported by evidence ; and in the expressive language of the Judge of the Circuit Court the equities set up are swept away, and the complainant, appellant, is stripped of every merit. There is no testimony to show that the appellee is utterly insolvent ; neither is there testimony to show that the Court of Common Pleas rejected the offer of testimony as alleged by the appellant. But if this were even so, it would scarcely be contended that such refusal would furnish a ground for so extraordinary a remedy ; mere error in a Court in the admission or rejection of evidence, or because a question of law has been erroneously decided by a Court of Law, will not entitle a party to relief by injunction. No case can be found to sanction such a doctrine. 2 *Story's Eq. Jurisdiction*, sec. 897. *Marine Insurance Co. vs. Hodgson*, 7 *Cranch*, 336, 337. *Simpson vs. Hart*, 1 *J. C. R.*, 95 lo 97.

But in this case it is maintained, that the Court was right in ruling out such evidence if attempted to be offered. It is not competent to set off such account against unliquidated damages. *Cook vs. Murphy*, 7 *G. & J.*, 282. *Gibbs vs. Clagett*, 2 *G. & J.*, 14 *Bl. Ch.*

2nd. If the appellant has any such claim as he alleges, his remedy is at law, where it is ample and complete ; and where such is the case, equity will not interfere ; there is nothing peculiar in said claim so as to distinguish it from the ordinary case in which Courts of Law are invoked to enforce the payment of debts. *Cockey vs. Carroll*, 344. *Drury vs. Conner*, 1 *H. & J.*, 221.

3rd. Equity will not relieve against a judgment on the

mere ground of a difficulty of making a defence at law, but the case must be one where it was impossible to do so. *Dilly vs. Barnard,* 8 *G. & J.,* 170.

4th. To justify the interposition of a Court of Equity, there must be some inequitable advantage taken which would render it unconscientious in the party obtaining it to enforce the judgment, and of which the party seeking the aid of equity could not have availed himself at law, or was prevented from so doing by accident or fraud of the opposite party, unmixed with any fraud or negligence on his part. *Richardson vs. Mayor and City Council of Balti-more,* 8 *Gill,* 433. *Briesch vs. McCauley et al.,* 7 *Gill,* 190. 3 *Story's Equity Jurisprudence,* sec. 875.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The bill of complaint in this case was filed by the appellant in the Circuit Court for Baltimore city, in which he prayed for an injunction to restrain the appellee, Elizabeth Duvall, from proceeding to enforce, by execution, a judgment she had obtained in the Court of Common Pleas of said city.

The allegations in the bill are these: The appellee was the tenant of one C. B. Ferguson, of Washington city, of a house on the corner of Hanover and Conway streets, in Baltimore. During the tenancy of the appellee, Ferguson assigned to the appellant the lease of the property. At the time of the assignment there were two months' rent due Ferguson, amounting to $83.33, which he also assigned to the appellant. Having failed to collect the rent due, as he alleges, he gave notice to the appellee to quit the premises, which she refused to do. He then instituted proceedings before a Justice of the Peace, who gave judgment against the appellee, and by a warrant of restitution the appellant was put in possession of the premises. From

this judgment the appellee took an appeal to the Court of Common Pleas, and upon the trial the judgment was reversed and a judgment rendered for the appellee for $90 damages and costs. The appellant further alleges, that at the time of the trial and when this judgment was rendered, the appellee was indebted to him for two months' rent beside the rent due and assigned to him by Ferguson, amounting in the whole to $166.66, which he was prevented by the Court from proving by way of set-off. He further charges, that the appellee is utterly insolvent, and he would suffer irreparable injury if she is allowed to enforce her judgment while he has a just claim against her for an amount greatly exceeding the amount of her judgment. The Circuit Court granted the injunction, but on the coming in of the answer and upon a review of the evidence, the Court dissolved the injunction and dismissed the bill. From this ruling this appeal was taken.

It thus appears that the appellant mainly relies on two grounds to sustain the equity of this complaint: 1st. Because the Court of Common Pleas refused to allow him, at the trial, to prove the rent due him ; and secondly, the insolvency of the appellee. At the trial before the justice, which was had in pursuance of the 890th and 896th sections of Art. 4, of the Code of Public Local Laws, judgment was rendered for the appellant for possession and $27.77 damages and $22.70 costs.

Upon appeal from this judgment, which is provided for by the 900th section of the same Article, the Court of Common Pleas is authorized to entertain jurisdiction "in the manner and under the rules prescribed in cases within the ordinary jurisdiction of Justices of the Peace."

The allegation made by the appellant, that he was prevented, at the trial in the appellate Court, from proving his claim, is unsupported by any evidence in the record. On the contrary, it appears by the docket entries that he

moved for a new trial, which he thereafter *withdrew.* In *Dilly and Heckrote vs. Barnard*, 8 *G. & J.*, 186, this Court said : "It may be laid down as a general rule, that a defence cannot be set up in equity which has been fully and fairly tried at law, although it may be the opinion of that Court that the defence ought to have been sustained at law." Again, on page 189 of the same vol., this Court said : "Even therefore in cases where the Court of Equity has concurrent jurisdiction with a Court of Law, as in matters of account, it seems that equity will not relieve on the mere ground of the difficulty of the defence in a Court of Law, but it must be a case where it is impossible for the party to make an effectual defence before that jurisdiction." See 2 *Story's Eq. Juris.*, sec. 897; also 7 *Cranch*, 336. In a case like this, the appellate power, being vested in the Court of Common Pleas, would necessarily exclude the exercise of that power by a Court of Equity.

The appellant makes no allegation that he was prevented from availing himself of a defence at law by accident or the fraud of the opposite party, unmixed with any fraud or negligence on his part. Measuring the conduct of the appellant in dispossessing the appellee by the verdict of the jury, it would be difficult to reconcile that conduct with a just claim for the interposition of a Court of Equity by injunction.

We think the appellant has also failed to establish, by proof, the insolvency of the appellee. There is therefore no error in the ruling of the Circuit Court, and we will sign a decree affirming the decree of that Court, with costs in this Court to the appellees.

*Decree affirmed.*