McFarland, J.,
delivered the opinion of the court.
*392 This is a bill to obtain a new trial of a cause at law, or to have execution of the judgment perpetually enjoined. The latter relief was granted, and the defendant has appealed.
Robinson sued Prater in an action for ■ false imprisonment. The summons was executed returnable to the May term, 1865, of the Circuit Court of Blount county. Prater attended the court, and employed George Brown, an attorney of the court, to defend the case for him, and, in substance, informed him that the plaintiff had no cause of action against him, although he was not then informed of the nature of the complaint, as no declaration had been filed, or if filed, he was not informed of its contents. Brown at once applied to the clerk for the papers in the case, but was informed that no such papers were on file, and was told by the clerk that he had no recollection of ever issuing any such summons, and he felt certain there was no such suit in court. Said Brown then examined the court docket made out by the clerk, but found no such case. He remained at court until its adjournment, and during the time made several searches for the papers, and also inquired among the attorneys and those likely to know, but could find no one who had ever seen such a case. He became satisfied that there was no such case in court, and that Prater had been in some way deceived as to the service of the summons upon him, and he so informed him.
Between this and the next term of the court (September term), Prater was informed by persons that *393 they were summoned as witnesses in the case. He again saw his attorney, Brown, shortly before said September term, but said Brown was still of the opinion that there was no' sueh ease..in court. •
This was immediately after the termination of the late civil war, when the courts were crowded with a flood of litigation, arid the business in a confused condition. Great excitement prevailed, and much prejudice existed against persons identified in sympathy with the rebel cause, and of this class was Prater. A lawless and violent spirit prevailed in the county, and many persons suffered severe personal injuries when appearing in public places, resulting in some instances in the loss of life. At the September term of the court Prater did not attend, but was at the time in an adjoining county, and we are satisfied he remained away from a well-grounded apprehension of great personal danger. Judge Brown did not attend this term of the court, owing to the fact that his business required him to be in attendance upon the Supreme Court, then in session. He had, shortly before he was retained by Prater, formed a partnership with one Jenkins, who was comparatively a stranger in the county, and probably unknown to Prater, and Jenkins attended the September term of the court for Blount county. Jenkins was informed by Judge Brown in regard to the matter — was told by him that there was probably no sueh case there, but was requested, as a matter of precaution, to watch for the cause during this term of the court. The attorney of Robinson produced the papers, showing a declaration reg *394 ularly filed at the former term, and moved for a judgment by default. Jenkins was then present in court, and opposed the motion; but what he did— whether he offered to plead, or gave any reason for not having pleaded at the former term — docs not appear.. The judgment by default was rendered, and a writ of enquiry awarded and executed at the same term, assessing the damages at $3,000, for which there was. judgment. Upon the writ of enquiry no defense was-made. .The court adjourned before Prater had any knowledge of. the judgment. Proof was introduced in regard to the guilt of Prater upon the charge of false imprisonment, and, so far as this record shows, the case against him was certainly one upon which he could well have defended upon the merits. Upon these facts this bill was filed.
Courts of equity have the power to enjoin parties from enforcing judgments at law where they have been obtained by fraud, or where an equitable defense exists but which was not available at law. Courts of equity exercise the right of granting new trials at law with great caution, and only upon strong and clear grounds; yet that they possess this jurisdiction,, is well settled. It is established by a great weight of authority, that this relief cannot be granted unless the judgment has been obtained by fraud, or unless the party had a valid legal defense, which he was prevented from making by the fraud of the other party, or by accident, surprise or mistake, unmixed with negligence upon his part, or upon the part of his agent or attorney. See Leading Cases in Equity, *395 vol. —, p. 195; Marine Ins. Co. of Alexandria v. Hodyson, 7 Cranch, 332; 2 Curtis’ Law Rep., 557; Seay & Sheppard v. Hughes, 5 Sneed, 155; 7 Hum., 39; 4 Col., 62; Powell v. Cyfers, 1 Heis., 526. In ihis last case Judge Nicholson said; “The allegation is, that complainant did not make his defense because he was prevented by threats of personal violence from attending the court at the time of the trial. . It is not alleged that he was prevented from making his defense by the threats of the defendant, or that the defendant was in anywise responsible for the danger to which he alleges he would have been exposed in attending court; nor is it alleged or shown by proof that he could not have made defense by an agent or attorney. We are unable to see any valid ground on which the relief prayed for by complainant can be granted.” This authority applies strongly to this ease.. We are of opinion that at the May term of the court the complainant and his attorney used all reasonable diligence under the circumstances, and had the judgment been rendered at that term of the court, the facts in this record would have presented a strong case for equitable relief. But it appears that the complainant had information, between the May and September terms of the court, sufficient to cause him to have the matter fully investigated, and to lead him to believe that it would need further attention at the next term of the court. In this view, it. was his duty to have made such preparation as he could to defend. He had an attorney present. The bill alleges that it was Jenkins’ duty to’ attend to the *396 cause. The complainant himself, we are satisfied, had good cause to remain away; but he might, through an agent or otherwise, so far as appears, have had his attorney fully informed 'as to the reasons for not pleading sooner, and also as to the grounds of defense. Had these facts been presented to the court, we cannot presume that the right to plead and continue the cause would have been denied; but if it had been, upon the facts being shown in a bill of exception, a revising court could not have failed to correct an error so palpable and gross. What action was taken by the attorney Jenkins, this record does not show. But the record does not show that he presented the facts to the court, and asked for leave to plead or continue the cause. Whether this was his fault, or the fault of the complainant in not having him fully informed, we cannot say; but we cannot hold that there was no negligence, either upon the part of complainant or his attorney. We admit that the extraordinary state of affairs then existing in the country deserves to be duly considered as part of the facts going to explain the complainant’s conduct, and thus furnishing a good reason for his absence from the court at the trial of the cause, and also a good reason why the Circuit Judge should have been easily disposed to give him leave to continue the cause, but the principles of law must remain the same. In such a case as this, before the relief here prayed for can be granted, it must appear that the complainant and his agent or attorney have been guilty of no negligence. Judging from this record, if it were a *397 question before us, we should say that the judgment against the complainant is grossly unjust; but it is a judgment of a court having competent jurisdiction and authority to try the case and render the judgment, and the justice of this judgment is not now before us. Upon the facts now presented we can grant no relief, without violating principles that have been long and well established.
Let the decree be reversed and the bill dismissed.