Phillips *v.* Pullen.

## George E. Phillips

*v.*

## Ralph L. Pullen.

1. The doctrine is well settled that this court will not, on the application of a defendant in a judgment at law, who has had a fair opportunity to be heard upon a defence over which the court pronouncing the judgment had full jurisdiction, enjoin the enforcement of the judgment simply on the ground that it was unjust. A court of equity limits its interference with the enforcement of a judgment at law to cases where that appears which clearly shows it to be against conscience to execute the judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents.

2. Mere inadequacy of consideration, unconnected with fraud, does not afford sufficient ground, in equity, to set aside a contract.

3. But where the inadequacy of price is so gross that it shocks the conscience, courts of equity will interfere, not upon distinct principle, but upon the ground that such inadequacy amounts to conclusive evidence of fraud.

On order to show cause why an injunction shall not issue to restrain the defendant from taking proceedings to enforce a judgment at law.

*Mr. William Y. Johnson* and *Hon. John P. Stockton, Attorney-General,* for the complainant.

*Mr. George O. Vanderbilt, Mr. C. H. Beasley* and *Mr. W. D. Holt,* for the defendant.

The Chancellor.

The judgment in question was recovered in a suit upon an agreement by the complainant to pay $7,500 in settlement of an action which had been commenced against him by the defendant, for damages for debauching the defendant's wife, enticing her away, and harboring her.

Upon a writ of error to Mercer circuit court, where the cause in which the judgment was recovered was tried, the court of errors and appeals affirmed the judgment of the court below and thereby confirmed the decision of many of the questions sought to be again raised by the bill in this case. That decision determined that the complainant's attorney had authority to make the agreement sued upon; that the agreement did not lack consideration; that the consideration of the agreement was not executory; that there was no abandonment or rescission of the agreement by the defendant Pullen, and that proof of the fraud, which is here alleged, was admissible in defence of that suit, but that the evidence of it there offered and admitted was inadequate to establish it. *Phillips* v. *Pullen, 21 Vr. 439.* All those matters must now be considered as settled between the parties to this suit. The doctrine is well established that this court will not, on the application of the defendant in a judgment at law, who has had a fair opportunity to be heard upon a defence over which the court pronouncing the judgment had full jurisdiction, enjoin the enforcement of the judgment simply on the ground that it is unjust. A court of equity limits its interference with the enforcement of a judgment at law to cases where that appears which clearly shows it to be against conscience to execute the judgment, and of which the injured party could not have availed himself in the court of law, or of which he might have availed himself at law but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents. *Marine Ins. Co.* v. *Hodgson, 7 Cranch 332; Hendrickson* v. *Hinckley, 17 How. 443; Powers* v. *Butler, 3 Gr. Ch. 465; Vaughn* v. *Johnson, 1 Stock. 173; Moore* v. *Gamble, 1 Stock. 246; Reeves* v. *Cooper, 1 Beas. 223; Holmes* v. *Steele, 1 Stew. Eq. 173; Mechanics National Bank* v. *Burnet Manufacturing Co., 6 Stew. Eq. 486; S. C., 8 Stew. Eq. 344; Simpson* v. *Hart, 1 Johns. Ch. 91; Pom. Eq. Jur. § 1361 and note.*

It is insisted for the complainant that the contract upon which the judgment now in question is based, was so grossly unconscionable that this court will interfere, and stay the enforcement of the judgment. The action of the court must depend, first,

Phillips v. Pullen.

upon the determination of the question, whether the defendant is too late in his application; and if that be decided in the negative, then upon the questions whether the gross unconscionableness of the contract is a distinct principle of equity which could not have been urged in defence of the suit at law, and, if that be so, whether, in fact, the contract was grossly unconscionable.

The complainant makes his application by supplemental bill, in which he alleges that, by his original bill, he sought to avoid the agreement for fraud, and because it was grossly unconscionable, and that he was denied an injunction to restrain the suit at law, because the grounds upon which the equity of his bill rested were held to be good defences to the action at law. The defendant, by his answer to the supplemental bill, claims that the decision of the chancellor (Runyon) was based upon the defendant's denial of the facts upon which the equity of the complainant's bill was founded. No reasons for the chancellor's decision were given. It appears to me to be better that I shall assume that the merits of the last two questions under consideration were not passed upon, and that the original application for injunction affords a sufficient excuse for the apparent laches of the complainant in asking the aid of this court.

It is established that, for mere inadequacy of consideration, unconnected with fraud, a court of equity will not set aside a contract. *Willis* v. *Jernegan, 2 Atk. 251; Griffith* v. *Spratley, 1 Cox C. C. 383; Gibson* v. *Jeyes, 6 Ves. 266; Low* v. *Barchard, 8 Ves. 133; Osgood* v. *Franklin, 2 Johns. Ch. 1; Crane* v. *Conklin, Sax. 346; Wintermute* v. *Snyder, 2 Gr. Ch. 489; Weber* v. *Weitling, 3 C. E. Gr. 441; 1 Story Eq. Jur. 251; 2 Pom. Eq. Jur.* § *925.*

The cases of expectant heirs or reversioners, who have bound themselves in unconscionable bargains with respect to their expectancies, have been regarded in·many cases as an exception to this rule. *Berny* v. *Pitt, 2 Vern. 14; Knott* v. *Hill, 2 Vern. 27; Wiseman* v. *Beake, 2 Vern. 121; Twistleton* v. *Griffith, 1 P. Wms. 310; Curwyn* v. *Milner, 3 P. Wms. 292, note c; Barnardiston* v. *Lingood, 2 Atk. 133; Gwynne* v. *Heaton, 1 Bro. C. C. 1; Coles* v. *Trecothick, 9 Ves. 235; Evans* v. *Peacock, 16 Ves. 512.*

Phillips *v.* Pullen.

Where, however, the inadequacy of price is so gross that it shocks the conscience, courts of equity will interfere, not upon distinct principle, but upon the ground that such inadequacy amounts to conclusive evidence of fraud. In *Osgood* v. *Franklin, 2 Johns. Ch. 24,* Chancellor Kent said: "The doctrine is settled, that in setting aside contracts on account of inadequate consideration, the ground is fraud arising from gross inequality." In *Copis* v. *Middleton, 2 Madd. 409,* the vice-chancellor said: "Mere inadequacy of price to invalidate a contract, must, *per se,* be so excessive as to be demonstrative of fraud." In *Wintermute* v. *Snyder, 2 Gr. Ch. 489, 496,* Chancellor Vroom said: "Still there may be such unconscionableness, such palpable and excessive inequality in a bargain, as to induce equitable interference. But in all such cases the court goes on the ground of fraud, being satisfied that gross imposition or undue influence must have been practiced. If the inadequacy be such as to shock the conscience, it will amount to evidence of fraud, and will be so considered." In *Gifford* v. *Thorn, 1 Stock. 702, 740,* in the court of errors and appeals, Justice Potts uses this language: "Undoubtedly if this transaction is to be considered as a matter of bargain and sale, here is a gross inadequacy of consideration; such inadequacy as raises a violent presumption of fraud, deception, ignorance or imbecility." In *Weber* v. *Weitling, 3 C. E. Gr. 441, 444,* Chancellor Zabriskie said: "For mere inadequacy of consideration equity does not set aside a deed, unless accompanied by fraud, or unless the inadequacy is so gross as to imply fraud." Judge Story, in his work on *Equity Jurisprudence (vol. 1, p. 256),* after saying that inadequacy of consideration is not of itself a distinct principle of relief in equity, adds: "Still, however, there may be such an unconscionableness or inadequacy in a bargain as to demonstrate some gross imposition or some undue influence, and in such cases courts of equity ought to interfere, upon the satisfactory ground of fraud. But then such unconscionableness, or such inadequacy, should be made out as would (to use an expressive phrase) shock the conscience and amount in itself to conclusive and decisive evidence of fraud." Professor Pomeroy, in his work on *Equity Jurisprudence* § *927,* says: "Although the

Phillips *v.* Pullen.

actual cases in which a contract or conveyance has been canceled on account of gross inadequacy merely, without other equitable incidence are very few; yet the doctrine is settled by a consensus of decisions and *dicta*, that, even in the absence of all other circumstances, when the inadequacy of the price is so gross that it shocks the conscience, and furnishes satisfactory and decisive evidence of fraud, it will be a sufficient ground for canceling a conveyance or contract, whether executed or executory. Even then, fraud, and not inadequacy of price, is the true and only cause for the interposition of equity, and the granting of relief."

At this point we are again confronted with the adjudication already had between the parties to this cause. Equity can interfere only upon the ground of fraud, and the question of fraud in the agreement, as I have stated, has been heard and decided by a court having full jurisdiction over that question. Justice Magie, who wrote the opinion of the court of errors and appeals in the case there between the parties to this suit, disposed of suggestion that the price Phillips agreed to pay is evidence of fraud, in the concluding sentences of that opinion (*21 Vr. 445*), as follows: "In an action on an undertaking to pay a specific sum, the rule for measuring damages is compensation, which can only be afforded by a verdict for that sum, with interest. No reason why this case should be taken out of that rule is suggested, but that the agreement was unreasonable and unconscionable. But, if it might have been avoided in equity upon that ground, nothing short of fraud will affect it at law, and fraud would not be ground for reducing damages, but for defeating recovery. There is nothing in the stipulated sum to justify an inference of fraud. The original suit sought to recover damages incapable of accurate determination. Had it proceeded to trial, the *quantum* of damages must have been determined by a jury, upon the circumstances. Where the parties, knowing the circumstances, liquidate such damages by an agreement not brought about by deceit or imposition, it cannot be said that such damages are unconscionable."

If gross unconscionableness of a bargain were a distinct principle upon which equity would relieve, it would be impossible

for me to say that the bargain, in this instance, was of that char-
acter.    Lord Thurlow, in *Gwynne* v. *Heaton, 1 Bro. C. C. 1, 9,*
said of such bargains: " There must be an inequality so strong,
gross and manifest, that it must be impossible to state it to a
man of common sense, without producing an exclamation at the
inequality of it."    If there is nothing in the sum agreed to be
paid that will justify an inference of fraud in the law courts, it
can hardly be that there is so much in it, here, as to shock the
conscience of this court.    The reasoning of Justice Magie, in
which I concurred in the court of errors and appeals, satisfies
me that there is nothing in the stipulated sum to manifest gross
inequality.    Nor is there anything in the condition of the parties
to make such gross inequality apparent.    Both are farmers.
Pullen has property valued at $1,000 or $1,500, and Phillips
admits that he is worth $12,000, while the answer put his estate
at $40,000.

    I will discharge the order to show cause, with costs.