R. Ten Broeck Stout et al.

*v.*

Britton Slocum et al.

Judgment being entered in the common pleas on a case certified from the
circuit, the case was returned to the circuit, where defendant moved to open
the judgment.   The chief-justice denied the motion and ordered the case
remanded to the common pleas.   Defendant had no notice of the remand till
after execution was issued and the time had elapsed in which he could give
bond on bringing error.—*Held,* that in the absence of a showing of meritori-
ous defence, the court of chancery could not enjoin process on the judgment
on the ground that the remand to the common pleas was improper.

On order to show cause why an injunction should not be
granted.

*Mr. Chauncy H. Beasley,* for the complainants.

*Mr. James Steen,* for the defendants.

Stout *v.* Slocum.

BIRD, V. C.

The object of this bill is to overcome a judgment at law which cannot be relieved against at law, although it is said to have been irregularly obtained, whether such inability results from the neglect of the attorney or the mistake of the judge.   The judgment was obtained in the court of common pleas, upon a cause which was certified to that court from the circuit.   The judgment being so obtained, the case was again returned to the circuit, and after it was so in the circuit court a rule was asked for, directing that the judgment should be opened.   The chief-justice denied the motion, and the order denying such motion also included directions that the cause be remanded to the common pleas, when it is alleged it ought to have been remanded to the circuit, supposing it was in the circuit.   This mistake or irregularity of the court was unknown to the defendant in the suit at law, the complainant in this suit, and the execution was issued out of the common pleas and a levy taken upon the property of the defendant.   This fact brought to his attention the exact situation.   But when he learned that the judgment had been entered in the common pleas fifteen days had elapsed, so that he was deprived of the statutory right to give bond to the plaintiff upon taking a writ of error.

Upon the return of the order to show cause in this case why the suit at law should not be restrained till the determination of the rights of the parties, it was insisted that this was a proper case for the interference of a court of equity to restrain proceedings at law.   There seems to be nothing in the case to warrant this court in interfering.   To say nothing about other defects in the bill and the proofs verifying the fact of the judgment and orders, there is not a single allegation nor a shadow of proof that the complainant had the slightest merits in his defence to the action at law.   This is fundamental.   Equity never undertakes to relieve a defendant against a judgment at law unless he can show merits.   Mere accident, or mistake or irregularity, is not, under any consideration, sufficient.   In the case of *Marine Insurance Co.* v. *Hodgson, 7 Cranch 336,* Chief-Justice Marshall said: " Without attempting to draw any precise line to

which courts of equity will advance, and which they cannot pass, in restraining parties of availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself at law, but was prevented by fraud or accident, unmixed with any fraud or negligence in himself or his agents, will justify an application to a court of chancery. On the other hand, it may, with equal certainty, be laid down as a general rule that a defence cannot be set up in equity which has been fully and fairly tried at law, although it may be the opinion of that court that the defence ought to have been sustained at law."

There is not a single fact set forth in the bill or affidavit to lead the mind of the court to conclude that the judgment of the common pleas was in any particular wrong, or that it would be against conscience to enforce it. *2 Story Eq. Jur.* § *887; 1 High Inj.* § *114.*

Besides, in this case it appears by the bill itself that, upon the application for a rule to show cause why the judgment should not be opened, the chief-justice refused to entertain the motion. This is very strong proof that the judge who heard the application was satisfied with the judgment. It certainly would be an unheard-of proceeding for this court to attempt in any particular to review the proceedings of a court of law, when it has jurisdiction of the cause and the parties. But it is said that there was a mistake made by the circuit judge in remanding the cause to the common pleas, instead of allowing it to remain in the circuit. I think that this is as much a mistake or oversight of the counsel for the defendant in the cause, as an oversight or mistake upon the part of the circuit judge. He made the application for the order, and failing he left it to the counsel of the other side to prepare and present such an order as he saw fit. It clearly was the business of the applying counsel to see that an order was drawn in conformity to the rights of his client, even though the decision of the court was adverse.

But it is claimed that, upon reading the provisions of the statute and the various orders of the court, it will appear that

the order signed by the chief-justice, remanding the cause to the common pleas instead of to the circuit, was in that particular erroneous; and that because of that error the counsel of the defendant in the suit at law was misled for so long a period of time that he was deprived, by the strict rules of law, of any redress. As the case stands, this leaves it for this court to assume that the chief-justice committed this error, or, if it does not amount to this, it is an assumption that this court has the power to review the action of the chief-justice in this particular, and to declare that the order which he signed was irregular and unlawful. I am not aware that any court of equity has ever gone so far.

The order to show cause will be discharged and the bill dismissed, with costs.