### UNIVERSAL UNDERWRITERS, Plaintiff, v. GRAN et, Defendants.

Common Pleas Court, Trumbull County.

No. 61877. Decided November 14, 1952.

William E. Pfau, Sr., Youngstown, for plaintiff.

George D. Lewis, J. D. Campbell, Warren, for defendants, Betty Lewis and Clark E. Lewis.

Charles E. Pealer, Warren, for defendant, Archie R. Gran.

### OPINION

By McLAIN, J.

This matter is before the court on the demurrers filed by the defendants to the petition of the plaintiff for a declaratory judgment.

The facts set forth in the petition are that the plaintiff insurance company on the 23rd day of October, 1951, issued a liability policy to the defendant, Archie R. Gran, at Minneapolis, Minnesota, covering a 1947 Packard; that said policy contained a declaration that the automobile would be principally garaged in the town, county and state of the defendant, Gran's residence at that time, to-wit: Minneapolis, Minnesota.

On the 11th day of November, 1951, the defendant, Archie B. Gran, moved to Leavittsburg, Ohio, and since that date has not kept the automobile garaged in Minneapolis. On the 16th day of February, 1952, Gran was involved in an accident in Trumbull county, Ohio, which involved the defendants, Betty Lewis and Clark E. Lewis.

The plaintiff contends that the removal of the aforesaid automobile from the address set forth in the policy constituted a breach of warranty on the part of the defendant, Archie R. Gran, and asks the court for a declaratory judgment holding the aforesaid policy to be void and of no effect from and after the 11th day of November 1951. It should be added that plaintiff's Exhibit A discloses that the policy period was from October 23, 1951, to October 23, 1952.

The defendants contend that this is not a proper case for a declaratory judgment, and the case of **Ohio Farmers Insurance Company v. Heisel, 143 Oh St, 519, 28 O. O. 460,** is relied upon.

The court, however, is of the opinion that under §12102-2 GC (§2721.03 R. C.), any person interested under a contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

The above case did not involve any question of the construction of validity of the contract, but rather a question of fact as to whether or not at the time of the collision, the automobile was being driven with the permission of the insured.

Whether a statement contained in an automobile liability policy is a warranty depends upon the intention of the parties which is determined from the language employed and subject matter to which it relates.

The entire policy as a whole must be considered, and the courts have uniformly held that policies of insurance should be construed in favor of the assured, and any exception to liability should be strictly construed against the insurer.

. In this connection, it should be noted that the policy in Section 8, states that the same applies to accidents which occur and to direct and accidental losses to the automobile sustained during the policy period while the automobile is within the United States of America, its territories or possessions, Canada, or Newfoundland.

It is also well established that a promissory warranty or condition subsequent when relied upon to work a forfeiture under an automobile liability policy, must be created by express terms or by clear implication and are to be strictly construed against insurer. The general principle of law that clauses of warranty, condition, exclusion and forfeiture contained in an insurance policy must be explicit has universal recognition everywhere.

As stated by the Supreme Court of the United States in the case of Moulor v. American Life Insurance Company, 11 U. S. 335, 341, if insurance companies wish to exact from insured persons warranties and agreements as conditions to a valid contract, the terms of the policy to that effect must be so clear as to exclude any other conclusion.

We will proceed to apply the foregoing principles to the facts in this case.

The court is of the opinion that the statement in the policy that the car would be principally garaged in Minneapolis was not a promissory warranty but merely a statement of expectation or intention by the assured.

The contention of the plaintiff that it is not authorized to do business outside of the state of Minnesota is entirely without merit. It evidently had authority to issue a policy at the time the contract was entered into and, furthermore, to issue liability insurance covering the entire United States and at least the assured could not be charged with any limitation of the plaintiff not appearing in the policy.

There are a number of other reasons for construing the place at which the car would be garaged as merely an expression of expectation. It is a well known fact that an automobile is extremely movable and, likewise, people ofttimes change their residence during the term of the policy, particularly those in certain lines of business.

These facts being well known to the insurance company, surely places the duty upon it as the draftor of the instrument if it so desired to state that it desired to be notified of any change of residence or removal of the car to a new home. In other words, if it was the desire and intention of the insuring company to consider the place at which the car is kept as a warranty, it would be its duty to expressly say so, and its failure to do so is a very strong indication that the place where the car was garaged was not intended to be a warranty, the violation of which would forfeit the policy.

If the contention of the plaintiff is tenable, a great many policies would be unconscionably subject to forfeiture. For instance, John Doe purchases a liability policy such as plaintiff's exhibit A, and states that it will be principally garaged in the town of Minneapolis and the state of Minnesota. The next day he leaves for California for a winter vacation and stays four months having an accident in that state. Could the plaintiff justly or seriously urge that because the automobile was without question not principally garaged in Minneapolis that the policy was forfeited and the insured unprotected?

The policy itself, contains many conditions, limitations and agreements but there is no where any reference to an exclusion as to where the automobile was to be used in the United States nor is there any explicit undertaking or any agreement on the part of the assured that he would keep the car principally at the address in Minneapolis.

Therefore, the statement as to the place where the automobile would be principally garaged must be fairly and justly construed as a statement of expectation only. There is no explicit provision of forfeiture and at least the intent of the parties to this contract, as reflected by the language

of the policy with regard to this provision, is most certainly not clear enough to exclude the conclusion that it was merely the expression or intention on the part of the policy holder, and that it was not intended that the policy should be void by virtue of a change of residence and use of the car elsewhere.

The views herein expressed are supported in all respects by the Court of Appeals of the United States for this district in the case of Sutton v. Hawkeye Casualty Company, 138 Fed. (2nd) 781.

For the reasons stated, the demurrers of the defendants to the petition for a declaratory judgment filed by the plaintiff are sustained. Exceptions noted.