### PERRY et al. v. JOHNSTON.

(Circuit Court, D. Nebraska. July 11, 1899.)

JUDGMENT—RELIEF AGAINST IN EQUITY.

Defendant's assignor, as plaintiff in an action against a corporation and its stockholders on an indebtedness of the corporation, made an agreement with complainants, who were stockholders, that they should not make an active defense to the action, and that the same judgment should be entered as to them as was in case of the defending stockholders. A judgment was recovered, which was reversed by the supreme court of the state on appeal as to the stockholders defending; but the plaintiff's attorneys, having no knowledge of the agreement, without notice to complainants, procured its affirmance as to them on the ground that they had not joined in the appeal. *Held*, that the case was within the rule that a court of equity will grant relief against a judgment which it would be against conscience to execute, and that the enforcement of the judgment, as against complainants, would be enjoined.

This was a suit in equity to set aside a judgment, and to enjoin issuance of execution thereon. Heard on pleadings and proofs.

F. I. Foss, for complainants.
Sawyer & Snell, for defendant.

SHIRAS, District Judge. From the record in this case it appears that the present proceedings were begun to prevent the enforcement by execution of a judgment rendered by the district court of Saline county, Neb., in an action at law brought by the State Bank of Crete against the Globe Publishing Company and 12 named persons, including the complainants herein, to recover certain moneys claimed to be due the bank from the publishing company; the individual defendants being declared against as stockholders in the publishing company. Judgment was entered in the district court against the publishing company, and also against the several stockholders, and the case was taken to the supreme court of Nebraska which, after due consideration, held that the state statute, upon which reliance was placed to sustain the action against the stockholders, was penal in its nature; that it had been repealed after suit was brought, but before judgment had been entered; and that, as the repealing statute

contained no saving clause, the action against the stockholders was abated. Globe Pub. Co. v. State Bank, 59 N. W. 683. The entry ordered originally was:

"The judgment of the district court is reversed, and the action against the stockholders is dismissed. Judgment accordingly."

Subsequently an application was made to the supreme court to modify this order, on the ground that plaintiff was in any event entitled to a judgment against the corporation, and that the present complainants were not entitled to a reversal of the judgment as against them, because they had not joined in suing out the writ of error, and hence had waived all right of objection to the judgment. The supreme court modified its order in these particulars, and the district court of Saline county, upon the filing therein of the mandate from the supreme court, entered judgment according to its terms. Thereupon the present proceedings were commenced in the district court of Saline county to restrain the issuance of execution on this judgment, and to obtain a decree canceling the judgment; the suit being brought against John R. Johnston, to whom the judgment had been assigned and transferred by the bank. The grounds upon which this relief is sought are, in brief, that, when the case was first brought against the stockholders in the district court of Saline county, an agreement was had between the present complainants and the bank to the effect that the complainants would not make an active defense in that suit, but would abide the result of the litigation between the bank and the other defendants, and that the entry of judgment against them, after it was determined by the supreme court of Nebraska that no liability existed on part of the stockholders of the Globe Publishing Company, was in violation of the agreement existing between the parties litigant; and that the action had in the supreme court, resulting in the modification of the order first made in that case, was taken without any notice to these complainants, and without knowledge thereof on their part. When the present action was brought in the district court of Saline county, the defendant, Johnston, had become a resident and citizen of California, and upon his application the suit was removed into this court, and is now submitted on the pleadings and proofs.

The evidence in the case shows that the present complainants, when sued with the other stockholders in the Globe Publishing Company, were of the opinion that the bank could maintain its claim against the stockholders, and in that belief were willing to let judgment go against the stockholders, so that all would be held liable for the debt due the bank. In this situation, complainants, by an understanding had with the defendant, Johnston, then president of the bank, and George Stevens, then cashier of the bank, agreed that they would not take any active part in the defense of the action then pending against the publishing company and its stockholders, with the understanding that the final judgment to be entered against them should be the same as that entered against the other stockholders. In pursuance of this understanding, an answer was drawn up by the attorney for the bank, and signed by complainants, in which they admitted the justness of the debt due the bank, and asked

the court to ascertain the proportionate share which should be adjudged against complainants as shareholders in the Globe Publishing Company, stating that they would make no defense to a judgment therefor; this averment being followed up with the statement:

"In the event that it should be finally determined and adjudged that none of the defendants were liable for the said sum of money, or any part thereof, then these defendants submit to the court that they also ought to be discharged from all liability therein; and, in the event that it should be so finally adjudged and determined that none of the defendants are liable for the said sum of money sued for in this action, then these defendants pray that they also may be released and discharged from all liability thereon, and said notes may be canceled and discharged as to them also."

The peculiar nature of this answer is explained when it is remembered that it was prepared by the attorney for the bank, the plaintiff in the suit then pending, and that its purposes were twofold: (1) To show, in the interest of the bank, the plaintiff in that suit, that the defendants signing the answer thought there was no defense on behalf of the stockholders of the Globe Publishing Company against the claim of the bank. (2) If, however, it should be finally determined that no liability existed in favor of the bank against the stockholders, then to protect the defendants signing the same, by providing that the same judgment should be entered against the signing defendants as was entered against the other stockholders. The evidence in the case justifies the finding that the agreement set forth in the bill was in fact made between the bank, represented by its president and cashier, and the present complainants, and that, as a consequence thereof, the complainants submitted the case to the court without actively appearing therein, in the expectation and belief that no other final judgment would be entered against the complainants than the one entered against the other stockholders. I agree with counsel for defendant that a judgment entered by a court of competent jurisdiction is not to be lightly attacked or set aside, without cogent proof of facts which clearly establish its invalidity; but the direct testimony of the witnesses for the complainants herein is sustained by the action of the parties based thereon, and justifies the finding, already stated, that it was agreed between the parties that, if the complainants made no active defense to the suit against the Globe Publishing Company and its stockholders, the same judgment should be entered in their behalf as in the case of the other stockholders. If this agreement was in fact had between the parties, is it not clear, beyond question, that the final judgment entered in the case against complainants was in violation of the agreement?

The original order of the supreme court of Nebraska, which would have resulted in the same judgment being entered in favor of complainants as was entered in favor of the other stockholders, was modified, so as to provide for a judgment against complainants, on the application of counsel for the bank, which was based upon the allegation that complainants had not joined in the writ of error to the supreme court, and therefore they were bound by the judgment originally entered in the trial court. The evidence shows that the counsel then representing the bank before the supreme court was not the counsel who appeared for the bank in the trial court, and he

undoubtedly acted in personal good faith in asking the supreme court to modify its original order, being ignorant of the agreement existing between the parties; but the fact remains that the supreme court was asked to order a judgment against the complainants other and different from that entered against the remaining stockholders, which order was made without notice to complainants, and without it being brought to the knowledge of the court that an agreement existed between the parties to the effect that complainants were not to be held liable as stockholders unless the remaining stockholders were also held bound. If the judgment entered under such circumstances is allowed to stand, it will result that the whole liability originally adjudged to exist against all the stockholders of the publishing company will now be imposed upon the complainants alone, as the judgment entered did not apportion the liability, but was against all the defendants for the one sum of $4,772, interest, and costs. The facts show beyond question that when the bank took judgment against the stockholders of the Globe Publishing Company, including complainants, it had no cause of action against them. It now holds a judgment against the complainants for the full sum of $4,772, which it induced the supreme court to order in violation of its existing agreement with complainants, and which order was obtained without notice to complainants. These facts bring the case within the rule that a court of equity will grant appropriate relief to prevent the enforcement of a judgment which it would be against conscience to execute. Insurance Co. v. Hodgson, 7 Cranch, 332; Buchanan v. Griggs, 18 Neb. 121, 24 N. W. 452; Hendrickson v. Hinckley, 17 How. 443; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901; Young v. Sigler, 48 Fed. 182.

Complainants are therefore entitled to a decree adjudging the judgment obtained against them in favor of the State Bank to be wholly void, and that the defendant be restrained and enjoined from issuing process thereon, or from in any form or manner endeavoring to enforce the collection or payment of the named judgment; the complainants being also entitled to judgment for the costs.