Argued May 7, decided May 21, rehearing denied August 6, 1912.

### BOWSMAN v. ANDERSON.

[123 Pac. 1092: 125 Pac. 270.]

EQUITY—JURISDICTION—OBJECTIONS—TIME TO RAISE.

1. Unless the subject-matter of a suit is wholly beyond equitable cognizance, an objection to the jurisdiction of equity cannot be made for the first time at the trial, or after the testimony has been taken, or a

large part thereof; but the objection must be taken at the earliest opportunity.

Equity—Jurisdiction—Objections—Time to Raise.

2. Where a suit to set aside judgment and a deed as a cloud on title is brought in a court having general equity jurisdiction to grant the relief prayed for, the want of possession of the land by plaintiff is waived by defendant failing to plead such want of possession, either by demurrer or by a special plea in his answer, but pleading to the merits.

Judgment—Res Judicata.

3. A defendant in an action at law may set up as many defenses as he may have; and, where one is at law and another in equity, he may set up his legal defense by answer, and file a complaint in equity in the nature of a cross-bill, or he may depend alone on the legal defense, and, if defeated, sue to enforce his equitable rights.

Judgment—Res Judicata.

4. A suit by plaintiff to remove a cloud on his title, created by an administrator's deed, purporting on its face to convey the land as the property of a decedent, is not barred by a judgment in ejectment for defendant for a part of the land, rendered in an action by defendant against plaintiff, since, if plaintiff had defeated defendant in the action at law, the cloud on the title would have remained, necessitating a resort to equity to set aside the deed; and this is especially true where the administrator's deed and the judgment were obtained by fraud.

Judgment—Restraining Enforcement—Grounds—Fraud.

5. Equity has jurisdiction to restrain the enforcement of a judgment procured through fraud, or through unavoidable accident or excusable mistake of defendant in the action.

Judgment—Equitable Relief—Grounds—"Fraud."

6. The "fraud" which authorizes equity to grant relief against a judgment obtained through fraud means the perpetration of an intentional wrong, or the breach of a duty growing out of a fiduciary relation; and it is necessary to show that the fraud was practiced or participated in by the successful party, and that it was actually effective in bringing about the judgment, and that the party seeking equitable relief has a good defense to the action on the merits, and has no other adequate means of obtaining relief against the judgment, and that his situation is not due to his own negligence.

Judgment—Executors and Administrators—Equitable Relief— .
        Grounds—"Fraud."

7. One falsely claiming to be a creditor of a decedent procured the appointment of an administrator, and he purchased land belonging to decedent's son at an administrator's sale, and obtained a judgment in ejectment against the son, who was an infant, by his guardian *ad litem* making no defense. The guardian *ad litem* did not consult with the son or his mother in regard to his interests in the land. *Held*, that the probate proceedings resulting in the administrator's sale and the judgment

in ejectment were vitiated by fraud, and equity, at the suit of the son, would set the same aside as a cloud on his title.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit commenced by George Austin Bowsman, a minor, by Arizona McLellan, his guardian *ad litem,* in the circuit court for Grant County, against George W. Anderson and F. S. Slater, to set aside a judgment and deed as a cloud upon his title to certain real property, on the ground that the apparent title of the defendants is fraudulent and void. From a decree in favor of defendants, plaintiff appeals.

According to the statement in the complaint, the plaintiff is the owner in fee simple of the E. ½ of the S. W. ¼ of section 1, in township 14 S., range 29 E., and the W. ½ of the N. W. ¼ of section 25, in township 13 S., range 29 E., W. M., Grant County, Oregon, and is entitled to the possession thereof. The father of George Austin Bowsman, plaintiff, was, during his lifetime, a resident of Grant County, and bore the name of Alexander Bowsman. The defendants were well acquainted with him, and, having had numerous business transactions with him, knew that his name was Alexander Bowsman as stated. He was never the owner of the above-mentioned lands. He died October 19, 1904, at which time the defendant George W. Anderson was in debt to him. After his death, defendant Anderson falsely and fraudulently claimed that Alexander Bowsman died indebted to him in the sum of $2,500, for a certain mining claim.

The complaint alleges in detail that the defendant George W. Anderson petitioned for and had an administrator of the estate of the decedent appointed by the county court of Grant County, falsely representing that Alexander Bowsman's name was George A. Bowsman or

George Alexander Bowsman, and stating therein the false and fraudulent claim of $2,500, well knowing that the name of the deceased was Alexander Bowsman and that George A. Bowsman is this minor plaintiff, who was than the owner of the land in question; that proceedings were had, whereby the land was sold at an administrator's sale and purchased by defendant George W. Anderson, and an administrator's deed therefor executed to him. It is further set forth that an action was commenced in the circuit court for that county to recover possession of the W. ½ of the N. W. ¼ of section 25, in township 13 S., range 29 E., W. M., by George W. Anderson, as plaintiff, and against this minor and his mother, Arizona McLellan, and her husband, Theodore McLellan, as defendants; that, in order to make the records show an appearance by the minor plaintiff, the defendants, conspiring together without the knowledge or consent of this minor or his mother, had the court appoint the defendant F. S. Slater as guardian *ad litem* in the action; that Slater, well knowing that this minor plaintiff, defendant herein, had a complete legal and equitable defense to the action. in order to carry out the fraudulent scheme, appeared and stated in open court that he had no defense to make in such action, declining to plead to plaintiff's complaint; that on the 24th day of September, 1908, the defendants wrongfully and fraudulently obtained a judgment of ejectment; that the defendant Anderson never had any claim against the estate; that Alexander Bowsman, named in the probate proceedings as George Alexander Bowsman, deceased, never at any time owned any of the land in question, but that the same was owned by George Austin Bowsman, the minor plaintiff, all of which the defendants then well knew; that for the purpose of carrying out their false and fraudulent designs to defeat the recovery of the posses-

sion of the land by this plaintiff, George W. Anderson
and wife executed a deed to F. S. Slater, pretending to
convey an undivided one-half interest in the E. ½ of the
S. W. ¼ of section 1, in township 14 S., range 29 E.,
W. M., which deed was duly recorded; that both the
administrator's deed and that from Anderson to Slater,
and all the proceedings in connection therewith, were
false and fraudulent, and are a cloud upon the title of
this plaintiff.

Defendants answered in this suit, admitting the
minority of the plaintiff, the appointment of the guardian
*ad litem,* and the recording of the deed from Anderson to
Slater.  They denied all the other allegations of the com-
plaint, and further pleaded judgment in the action of
ejectment as an estoppel.

It appears that at the time of the probate proceedings
referred to the plaintiff and his mother consulted and
employed an attorney, whom they paid $100, to look after
plaintiff's title to the land; that, on account of the
difference in the names of the plaintiff and the decedent
in the probate matter, they were advised by their attorney
not to appear or recognize the same, and that for some
reason no appearance was made by the attorney, in the
action of ejectment, until after the judgment; that on
December 10, 1908, the plaintiff by his guardian *ad litem,*
moved the court to set aside the default and be allowed
to answer, which motion was denied.  See *Anderson* v.
*McClellan,* 54 Or. 206 (102 Pac. 1015).          REVERSED.

For appellant there was a brief over the names of
*Mr. Andew M. Crawford* and *Mr. Isaac H. Van Winkle,*
with an oral argument by *Mr. Crawford.*

For respondents there was a brief over the names of
*Mr. V. G. Cozad* and *Messrs. Cattanack & Wood,* with
an oral argument by *Mr. Cozad.*

MR. JUSTICE BEAN delivered the opinion of the court.

1, 2. It is contended on the part of defendants that the complaint is insufficient, and that the court has no jurisdiction of the subject of the suit, for the reason that the complaint does not show that the land is not in the possession of another.

In *Maxwell* v. *Frazier*, 52 Or. 183, at page 188 (96 Pac. 548, at page 550: 18 L. R. A. [N. S.] 102), Mr. Justice EAKIN said:

"In several cases in this court, it has been held that the defendant had waived his right to object to the jurisdiction of the court when he had answered, without objection, to the jurisdiction, and had claimed affirmative relief. *Kitcherside* v. *Myers*, 10 Or. 21; *Municipal Security Co.* v. *Baker County*, 33 Or. 338 (54 Pac. 174); *O'Hara* v. *Parker*, 27 Or. 156 (39 Pac. 1004); *Killgore* v. *Carmichael*, 42 Or. 618 (72 Pac. 637). But a distinction must be made between an entire lack of matter of equitable cognizance and cases within the field of equitable jurisdiction, in which an element essential to complete jurisdiction is lacking. In the former, the objection is not waived by failure to interpose it at the proper time, but it is available at any stage of the proceeding; while in the latter, if the objection is not seasonably interposed, it will be deemed to be waived. In such a case, the subject of the controversy is equitable, and the relief sought such as equity alone can grant. This distinction is well stated in 16 Cyc. pp. 127, 128, where the authorities are collated. If the case is within the general field of equitable jurisdiction, the absence of any condition which might defeat the jurisdiction, if seasonably raised, may be waived, provided it is competent for the court to grant the relief sought, and it has jurisdiction of the subject-matter. The application of the doctrine of waiver in equity cases is, practically restricted to cases of con-

current jurisdiction. This is the ground of the holding in *Kitcherside* v. *Myers,* 10 Or. 21, where it is held that the right of either party to the land in question is equitable, and the objection 'that a court of equity would not take jurisdiction, because the plaintiff had an adequate remedy at law,' comes too late after answering."

In the latter case, 10 Or. 21, at page 23 of the opinion, Chief Justice LORD said:

"Our view is well expressed in *Creely* v. *Bay State Brick Co.,* 103 Mass. 515, in which the court say: 'An objection of this kind should have been made on demurrer, or at least should have been specifically relied upon in the answer, and not raised for the first time at the hearing upon pleadings which suggest no such ground of defense. Under such circumstances, the court could hardly do otherwise than retain the case, provided it is competent to grant relief, and have jurisdiction of the subject-matter, and of this we have no doubt'."

*O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004), was a suit to remove a cloud from the title to real estate, of which plaintiff was out of possession. Mr. Justice WOLVERTON, in the opinion in this case, said:

"That a court of equity has jurisdiction to remove a cloud from title is undoubted; but, as a condition of the court's exercising it, the plaintiff must be in possession, if he is the owner of the legal title, under such circumstances that the law can afford him ample relief. This condition, however, can be waived by the parties; and if the court proceeds with the exercise of jurisdiction it can grant the equitable relief appropriate in such cases."

In *Municipal Security Co.* v. *Baker County,* 33 Or. 338 (54 Pac. 174), the relief sought was purely equitable, but the defendant objected to the jurisdiction, because plaintiff had an adequate remedy at law; and it was held that the objection was waived by answering to the merits.

Unless the matter is wholly beyond the domain of equitable cognizance, no objection to the jurisdiction of

equity can be made for the first time at the hearing or trial, or where the party first presents it after the testimony has been taken, or a large portion thereof. This objection should be taken at the earliest opportunity. 16 Cyc. 129, 130; *Kaufman* v. *Wiener,* 169 Ill. 596 (48 N. E. 479) ; *Johnson* v. *Miller,* 55 Ill. App. 168; *Reynes* v. *Dumont,* 130 U. S. 354, 395 (9 Sup. Ct. 486: 32 L. Ed. 934.).

The above authorities are so clearly in point that but little remains to be said. It is not questioned that the court had general equity jurisdiction to grant the relief prayed for. The want of possession of the land by the plaintiff was waived by the defendants when they failed to plead such want of possession, either by demurrer or by a special plea in their answer, and pleaded to the merits.

Counsel for defendants in the above contention cite and rely upon the case of *Moore* v. *Shofner,* 40 Or. 488 (67 Pac. 511), which we do not deem to be in point, for the reason that in the case cited the defendant first filed an answer, denying plaintiff's allegation that no one was in possession, asserting actual possession in himself, averring that the court was without jurisdiction, and praying that the suit be abated. This answer was treated as in abatement, and the plea denied by the court. Thereupon the defendant filed another answer, in which, after repeating the first, he denied plaintiff's title, asserted title in himself and possession for more than 10 years, pleaded an estoppel, and again denied the court's jurisdiction.

3. We will next take up the claim of defendants that the judgment in the ejectment action is *res adjudicata.* In the case of *Fire Association* v. *Allesina,* 45 Or. 154, at page 160 (77 Pac. 123, at page 126), Mr. Justice BEAN, speaking for the court, uses the following language:

"Under our system, a defendant is entitled to set up as many defenses as he may have; and, if one of them is at

law and another in equity, he may, if he sees proper, set his legal defense up by answer, and at the same time file a complaint in equity in the nature of a cross-bill, setting forth his equitable defense; or he may depend alone upon his legal defense, and, if unsuccessful, resort to an original suit to enforce his equitable rights"—citing *Hill* v. *Cooper*, 6 Or. 181; *McMahan* v. *Whelan*, 44 Or. 402 (75 Pac. 715).

In the case of *Spaur* v. *McBee*, 19 Or. 76 (23 Pac. 818), this court, at page 79, passed upon the question and reaffirmed the principle laid down in a former case in the following language:

"This leaves the question of estoppel to be considered. In *Hill* v. *Cooper*, 6 Or. 182, the precise question involved here came before this court for the first time for adjudication; and, after a careful examination of the point, it was held that, under the statute which allowed an equitable defense by cross-bill in actions at law, a party might rely upon a legal defense in an action, without being thereby precluded from afterwards asserting his equitable title in an original suit."

In *Borcherling* v. *Ruckelshaus*, 49 N. J. Eq. 340 (24 Atl. 547), the court held that, where a defendant, in an action at law, offers to prove an estoppel *in pais* against the plaintiff, and the offer is overruled by the trial court, on the ground that the defense is not cognizable in such action, and the defendant takes no exception, but acquiesces in such ruling as the law of the case, he is not estopped from filing a bill in a court of equity setting up the same facts, to enjoin the enforcement of a judgment obtained against him in the said action.

In *Clark* v. *Hindman*, 46 Or. 67, 70 (79 Pac. 56, 58), Mr. Justice MOORE, speaking for the court, says:

"It is also maintained by defendants' counsel that, in the action of ejectment brought against her, plaintiff had an opportunity to set up, by way of cross-bill, the facts

now relied upon as the basis of equitable relief; but, not having done so, she is estopped by the judgment rendered therein. Our statute allows an equitable defense by cross-bill in actions at law. Section 391, B. & C. Comp. (now L. O. L. § 390) ; and in construing this provision it has been held that a party may rely upon a legal defense, without being thereby precluded from afterwards asserting his equitable title in an original suit."

4. The purpose of this suit is to remove a cloud upon plaintiff's title, which was created by obtaining the administrator's deed of the land. This deed, as shown by the records, purported upon its face to convey the land as the property of the estate of George Alexander Bowsman, deceased. One-half of this land is included in the judgment in the action at law. If plaintiff, as defendant in the action of ejectment, had made a successful legal defense as to his possession of that portion of the land, the cloud upon the title would have still remained. His remedy at law was not complete or adequate. Both the administrator's deed and the judgment are alleged to have been fraudulently obtained. This judgment is pleaded by defendants as an estoppel, and it is shown to be based solely upon a false and fraudulent claim. To hold that plaintiff is thereby estopped would be, in effect, to decide that a fraudulent judgment cannot be set aside in a suit in equity attacking the same.

5. There is a well-established and clearly defined equitable jurisdiction which will enable courts of equity to restrain the enforcement of an unconscionable judgment or decree procured through fraud, or through some unavoidable accident or excusable mistake of the defendant in the action or suit. *Handley* v. *Jackson*, 31 Or. 552, 555 (50 Pac. 915: 65 Am. St. Rep. 839) ; 3 Pomeroy's Equity Jurisprudence (2 ed.) § 1364.

6. The term "fraud", as used here, is to be taken in its common and direct sense, and means the perpetration of

an intentional wrong, or the breach of a duty growing out of a fiduciary relation. To obtain relief on this ground, it is necessary that the fraud charged should be clearly stated and proved, and it must be shown that the fraud was practiced or participated in by the judgment creditor; that it was actually effective in bringing about the judgment which was rendered; that the plaintiff in equity has a good defense to the action on the merits, and has no other adequate means of obtaining relief against the judgment or avoiding its consequences; and that his situation is in no way due to his own negligence or lack of proper diligence. 23 Cyc. 1022.

It is stated in 1 Black, Judgments (Section 365), that equity will relieve a party against a judgment obtained against him, if he was prevented from setting up his defense by fraud or accident, or the act of his adversary, without any negligence or fault on his own part. The object of an injunction to stay proceedings at law is to prevent the party against whom it issues from availing himself of an unfair advantage, resulting from fraud, accident, mistake, or otherwise, and which would therefore be against conscience. See *Perry* v. *Johnston* (C. C.) 95 Fed. 322.

In *Marine Insurance Co.* v. *Hodgson,* 7 Cranch, 332 (3 L. Ed. 362), Mr. Chief Justice MARSHALL states the rule as follows:

"Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negli-

gence in himself or his agents, will justify an appliaction to a court of chancery."

See, also, *Hendrickson* v. *Hinckley,* 17 How. 443 (15 L. Ed. 123) ; *Brown* v. *County of Buena Vista,* 95 U. S. 157 (24 L. Ed. 422) ; *Crim* v. *Handley,* 94 U. S. 652 (24 L. Ed. 216) ; *Bryant* v. *Williams,* 21 Iowa 329.

The party invoking the jurisdiction of equity in such a case must not only show some adequate ground of interference with the judgment, but must also disclose a meritorious and sufficient defense to the law action, or at least to some substantial part or portion thereof, in order to show that it would be against good conscience to execute the judgment. See *Sauer* v. *City of Kansas,* 69 Mo. 46.

7. It is very clear from the evidence on the part of plaintiff that Alexander Bowsman purchased a mining claim of defendant Anderson; that he paid him therefor; and that the Bowsman estate was not indebted to the latter. Anderson's whole case is founded on a false and fraudulent claim. The judgment obtained by him upon default, with the assistance of his co-defendant, is based solely upon such false claim, and in good conscience cannot be enforced. Plaintiff's evidence is uncontradicted. Neither of the defendants testified or gave any reasons for not so doing. The evidence tends to show that the defendant F. S. Slater was interested in the proceedings by Anderson to obtain the land, and had notice of plaintiff's interest therein. It was his duty, as guardian *ad litem,* when he accepted that position, to protect the interests of his ward, which the evidence shows he failed to do.

It appears that the county judge refused to approve the final account in the probate proceedings containing Anderson's claim. Whatever might be the condition of this claim against the Bowsman estate, the testimony shows that the minor plaintiff, George A. Bowsman, was

the owner in fee of the real property in question; and that is uncontradicted. Some evidence is introduced on the part of defendants tending to show the reason why it was thought that the name of the plaintiff's father was George Alexander Bowsman; but there is nothing to show that he ever owned the land. The circuit court based its decree upon the question of possession of the real property and the judgment at law, and did not pass upon the merits of the claim of the defendant Alexander Bowsman. It does not appear that the fraudulent acts of defendants were set out in the application made to vacate the judgment in the ejectment action. The grounds of relief in this suit are not the same as those assigned as a reason for opening the default in the action at law, and the case of *Thompson* v. *Connell,* 31 Or. 232 (48 Pac. 467: 65 Am. St. Rep. 818), cited by defendants, is not applicable.

The plaintiff is an infant. F. S. Slater was appointed as his guardian *ad litem* in the probate proceedings. Plaintiff testified that he was informed by his attorney that Slater would attend to the property, and that he would have to do what was right. In the action of ejectment, the plaintiff's mother, Mrs. McLellan, was first appointed as guardian *ad litem* for her son; but, while a summons was served upon her, she was not notified of the appointment, and made no appearance in the action. Afterwards the defendant F. S. Slater was named to serve in such capacity. Slater never consulted with plaintiff or his mother in regard to the interests of the minor, and made no defense to the action. Prior to this suit, the infant plaintiff had not "had his day in court," to afford him a reasonable opportunity to assert his title to the land.

The probate proceedings and the administrator's deed, referred to, are fraudulent and void as to the land of George Austin Bowsman, plaintiff, and should be can-

celed, and the defendants should be enjoined from interfering with the real property.

The decree of the lower court will therefore be reversed, and one entered here in accordance with this opinion.

REVERSED.

---

Decided August 6, 1912.

## ON PETITION FOR REHEARING.
[125 Pac. 270.]

OPINION PER CURIAM.

We have carefully considered the matters discussed in the petition for rehearing, and have again gone over the testimony in the case. We still adhere to the result reached in our former opinion. It would be unjust to Mr. Slater, the guardian *ad litem* of George Austin Bowsman, to allow anything said in our former opinion to be construed as intimating that his course as such guardian was dictated by any sinister motive to benefit himself, or to do any injustice to the plaintiff in this suit. No one appeared in the ejectment action for plaintiff in this suit, who was a defendant in that action, and Mr. Slater was, no doubt, appointed, as guardians *ad litem* not infrequently are, at the request of the counsel for the plaintiff. Being a layman and a friend and acquaintance of Anderson, he no doubt accepted the representations of the parties thus interested as true, and acted upon them, and thus became the unconscious and innocent instrument through which Anderson was enabled to perpetrate a fraud upon plaintiff. That he intentionally participated in it, we do not believe.

The petition for rehearing is denied.

REVERSED : REHEARING DENIED.