Argued December 9, affirmed December 20, 1927.

# A. L. HUDSON v. B. J. GOLDBERG.

### (262 Pac. 223.)

**Equity—Defendant, not Demurring Because Law Remedy is Adequate, cannot Object to Jurisdiction in Equity After Answering on Merits; Pleadings Suggesting No Such Defense.**

1. An objection to jurisdiction in equity, in absence of demurrer on ground that plaintiff has plain, adequate, and complete remedy at law, comes too late, after defendant has by his answer put himself upon merits, where pleadings suggest no such defense.

**Equity—Where Pleadings in Suit to Cancel Notes Showed Both Parties Asked for Equitable Relief, Which Court Could Grant, Court must Entertain Jurisdiction.**

2. In suit for delivery of and cancellation of notes, where pleadings showed that both plaintiff and defendant asked for equitable relief and that court of equity had jurisdiction to grant relief prayed for in complaint and in answer, it was duty of equity court to entertain jurisdiction and decide suit on merits.

**Appeal and Error—Where Plaintiff Did not Establish Case, Decree Dismissing Suit must be Affirmed, Though Court Acted Mistakenly on Motion for Dismissal.**

3. Where defendant moved to dismiss suit on ground that plaintiff had plain, complete and adequate remedy at law, and pleading showed both parties asked for equitable relief and that court should have decided suit upon merits, decree of dismissal must be affirmed, where plaintiff failed to establish truth of any facts entitling him to relief; it being immaterial that court acted mistakenly on motion of defendant or otherwise.

Appeal and Error, 4 C. J., p. 663, n. 92, p. 665, n. 5.
Equity, 21 C. J., p. 168, n. 81, p. 169, n. 90, p. 171, n. 96, 99.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. F. Boothe.*

For respondent there was a brief over the name of *Mr. Alex Sweek,* with an oral argument by *Mr. Milton W. Smith.*

RAND, C. J.—This is a suit for the delivery up and cancellation of a promissory note and mortgage for $2,500 and of two other notes, one for $500 and one for $200, given by plaintiff to defendant. The ground alleged in the complaint for the cancellation of said instruments is not accident, mistake or fraud which induced the entering into of the same, but a failure of consideration resulting from an alleged failure by defendant to perform a certain contract entered into by the parties for the sale and delivery by defendant to plaintiff of $2,500 worth of "Prof. Kaembritz's Assorted Remedies," wherein it was agreed that "the party of the first part gives to the party of the second part the exclusive right in the State of Oregon to sell said goods from year to year so long as it is mutually satisfactory to the parties hereto." It is also alleged in the complaint that defendant in violation of the terms of his agreement sold other like remedies in the state and that because thereof plaintiff has been unable to sell any of said remedies and has thereby been damaged in a sum greater than the amount of the two notes last mentioned. The complaint contained an offer to return all of said goods to defendant and a prayer for the delivery up and cancellation of all of said papers and for damages in the sum of $963.64. By his answer, the defendant admitted the execution of the contract and of the other instruments referred to, the sale and delivery of the remedies by defendant to plaintiff, and that, after the execution of the contract, the defendant continued to make sales within the state, but alleged that such sales were made by the defendant at the request of and as the agent of the plaintiff. The answer also alleges that the defendant not only sold and delivered to the plaintiff $2,500

worth of the remedies but also other remedies of the value of $12,347.30, and that the $200 and $500 notes were given for moneys borrowed by plaintiff from defendant subsequently to the entering into of the contract. Both the complaint and answer pray for equitable relief and there was no demurrer filed to the complaint. In his reply, plaintiff alleged that the $2,500 worth of medicines were delivered to him by defendant for sale on commission, which allegation is in direct contradiction of the terms of the admitted contract as well as of the allegations of the complaint. The cause was tried and, after the introduction of the testimony, was dismissed on motion of the defendant, the ground of the motion being that the plaintiff had a plain, complete and adequate remedy at law, and plaintiff contends that it was error to dismiss the suit upon that ground after the defendant had failed to demur to the complaint upon that ground and had filed an answer praying for equitable relief.

1. It is settled law in this state that an objection to the jurisdiction in equity in the absence of a demurrer on the ground that plaintiff has a plain, adequate and complete remedy at law comes too late, after the defendant has by his answer put himself upon the merits, where the pleadings suggest no such defense: *Kitcherside* v. *Myers,* 10 Or. 21; *State* v. *Blize,* 37 Or. 404 (61 Pac. 735); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Bowsman* v. *Anderson,* 62 Or. 431 (123 Pac. 1092, 125 Pac. 270); *Nicholas* v. *Title & Trust Co.,* 79 Or. 226 (154 Pac. 391, Ann. Cas. 1917A, 1149). In *Bowsman* v. *Anderson, supra,* an exception to the rule just stated was recognized, wherein this court said:

" * * But a distinction must be made between an entire lack of matter of equitable cognizance and cases within the field of equitable jurisdiction, in which an element essential to complete jurisdiction is lacking. In the former, the objection is not waived by failure to interpose it at the proper time, but it is available at any stage of the proceeding; while in the latter, if the objection is not seasonably interposed, it will be deemed to be waived. In such a case, the subject of the controversy is equitable, and the relief sought such as equity alone can grant. This distinction is well stated in 16 Cyc., pp. 127, 128, where the authorities are collated. If the case is within the general field of equitable jurisdiction, the absence of any condition which might defeat the jurisdiction, if seasonably raised, may be waived, provided it is competent for the court to grant the relief sought, and it has jurisdiction of the subject matter. The application of the doctrine of waiver in equity cases is practically restricted to cases of concurrent jurisdiction."

2, 3. The pleadings in the instant case show that both plaintiff and defendant asked for equitable relief and that a court of equity had jurisdiction to grant the relief prayed for both in the complaint and in the answer and it was, therefore, the duty of the court to entertain jurisdiction and to decide the suit upon the merits. However, it does not appear that the court entered its decree dismissing the suit upon the particular ground urged in the motion. A careful examination of the testimony offered convinces us that the plaintiff failed to establish the truth of any facts which would entitle him to the relief sought or to any other relief. Under such circumstances it is immaterial whether the trial court acted mistakenly upon the motion urged by the defendant or otherwise, for the decree entered was

itself a proper decree under the proof. The court's ruling was, therefore, correct and the decree appealed from must be affirmed, but without prejudice to the right of the plaintiff to commence an action at law if he desires so to do, and without costs to either party upon this appeal. AFFIRMED.

COSHOW, McBRIDE and ROSSMAN, JJ., concur.